UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| KEVIN FALK, | Case No. 1:17-cv-00401-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| HP INC. a Delaware Corporation, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion to Amend his Complaint (Dkt. 14), and Defendant's Motion to Dismiss the Second Cause of Action (Dkt. 9) and Motion to Strike (Dkt. 10). The motions are fully briefed, and the Court finds these matters appropriate for decision without oral argument. For the reasons described below, the Court will grant Plaintiff's motion to amend, and deny Defendant's motions as moot.

## BACKGROUND

Plaintiff's Complaint alleges violations of the Age Discrimination and Employment Act ("ADEA"), the Older Workers Benefit Protection Act ("OWBPA"), the Americans with Disabilities Act as amended ("ADA-AA"), and the Idaho Human Rights Act ("IHRA"), as well as other state law claims. *Compl.* ¶1, Dkt 1. On January 17, 2018, Defendant timely filed a Motion to Dismiss Plaintiff's Second Cause of Action, *Motion to Dismiss*, Dkt. 9, and a Motion to Strike Plaintiff's claims for punitive damages under

Idaho state law, *Motion to Strike*, Dkt. 10. Defendant filed an Answer on January 18, 2018. *Answer*, Dkt. 12.

On February 7, 2018, Plaintiff filed a Motion to Amend his Complaint. *Motion to Amend*, Dkt. 14. Plaintiff agreed to remove the second cause of action, and to strike his claims for punitive damages under Idaho law. *See Pl.'s Br.*, Dkt, 14-1. Defendant objected, and the parties briefed all three motions.

## LEGAL STANDARD

"A party may amend its pleadings once as a matter of course within . . . 21 days after service of a responsive pleading or . . . motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend its pleading with the consent of the other party or with leave from the court. *Id*. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

On motion by a party, "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." *Id*. 12(f). Motions to strike are "disfavored" because they are often "sought by the movant simply as a dilatory or harassing tactic." 5C Charles Alan Wright and Arthur R. Miller. *Federal Practice & Procedure*, § 1380 (3d ed. 2012).

Under Idaho law, "no claim for damages shall be filed containing a prayer for relief seeking punitive damages." Idaho Code § 6-1604(2). Instead, "a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages." *Id.*

ANALYSIS

1.  **Motion to Strike**

Plaintiff's Complaint contains a prayer for relief seeking punitive and liquidated damages. *See Compl.* at 12. Defendant filed a Motion to Strike Plaintiff's claims for punitive damages under Idaho law, pursuant to Idaho Code § 6-1604(2). *See Motion to Strike*, Dkt. 10. As indicated by the filing of Plaintiff's Motion to Amend and his proposed First Amended Complaint, Plaintiff has agreed only to pursue punitive damages under federal law at this stage. *See Pl.'s Br.* at 2, Dkt. 14-1; *Proposed Am. Compl.* at 12, Dkt. 14-3. Defendant does not object. *Def.'s Reply* at 2-3, Dkt. 19. As such, the Court will grant Plaintiff's motion as to punitive damages, and will deny Defendant's Motion to Strike as moot.

2.  **Motion to Dismiss Second Cause of Action**

Defendant moves to dismiss Plaintiff's Second Cause of Action, which seeks damages for violations under the OWBPA. *See Motion to Dismiss*, Dkt. 9. Pursuant to Plaintiff's Motion to Amend and his proposed First Amended Complaint, Plaintiff has agreed to drop the Second Cause of Action. *See Pl.'s Br.* at 2, Dkt. 14-1; *Proposed Am. Compl.* at ¶ 1, 50-56. Defendant does not object to the proposed removal. As such, the Court will grant Plaintiff's motion as to the Second Cause of Action, and will deny Defendant's Motion to Dismiss as moot.

### 3. Motion to Amend

Defendant objects to Plaintiff's Motion to Amend on the grounds that it does not strike paragraphs 41-43 of the Complaint. *See, Def.'s Br.* at 4-5, Dkt. 21. Defendant argues that these paragraphs must be struck because they constitute a "restatement of the core allegations" of Plaintiff's OWBPA claim. *Id.* at 5. According to Defendant, this renders Plaintiff's Motion to Amend futile, because the First Amended Complaint would retain a claim subject to dismissal under Rule 12(b)(6). *Id.* The Court disagrees. Plaintiff's proposed First Amended Complaint does not assert a claim under the OWBPA. The claim is not retained merely because factual allegations relevant to that claim remain in the proposed First Amended Complaint.

Defendant further argues that the factual allegations in paragraphs 41-43 are not relevant to any other claim asserted by Plaintiff, and thus must be stricken. *Id.* at 6. The facts alleged in these paragraphs suggest Defendant has a practice of noncompliance with their statutory obligation to ensure employees have notice of their rights under the ADEA. Such evidence is probative of whether Defendant violated Plaintiff's rights under the ADEA, which remains at issue in the proposed First Amended Complaint. The Court will not find these allegations irrelevant simply because they may not support a claim for relief standing alone.

Finally, Defendant argues that allowing Plaintiff to retain the allegations made in paragraphs 41-43 would prejudice Defendant by opening them to "extensive, expensive discovery." *Def.'s Reply* at 9, Dkt. 21. The fact that the allegations at issue may lead to

discovery is not sufficient reason strike them. Nor would it be appropriate for the Court to consider whether discovery on these facts would be unduly burdensome at this time. Should Defendant find the need to object to discovery related to these allegations, they may do so on the basis of the specific discovery requested, after following the procedures outlined in Local Rule 37.1 and Section 9 of the Case Management Order (Dkt. 25). For these reasons, the Court will grant Plaintiff's motion. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 14) is **GRANTED**. Plaintiff shall file his First Amended Complaint as soon as reasonably practicable, and within five (5) days of this Order being entered. Defendant shall file an Answer to the First Amended Complaint within 14 days of it being filed.

2. Defendant's Motion to Dismiss (Dkt. 9) and Motion to Strike (Dkt. 10) are **DENIED** as moot.

DATED: May 4, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge