UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| KEVIN FALK, | Case No. 1:17-cv-00401-BLW |
| Plaintiff, | |
| v. | MEMORANDUM DECISION AND ORDER |
| HP INC. a Delaware Corporation, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion to Compel (Dkt. 37) and Defendant's Memorandum Brief on Disputed Discovery (Dkt. 36). For the reasons described below, the Court will grant Plaintiff's motion in part, deny it in part, and reserve ruling in part.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b), as amended effective December 1, 2015, provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

This change to Rule 26(b) brings proportionality to the forefront in defining the appropriate scope of discovery. However, as explained in the Advisory Committee's

note, the 2015 amendment was merely intended to codify principles that have long been implicit in this analysis:

> This change *reinforces the obligation* of the parties to consider these [proportionality] factors in making discovery requests, responses or objections. Restoring the proportionality calculation to Rule 26(b)(1) *does not change the existing responsibilities of the court and the parties to consider proportionality*, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations.

Fed. R. Civ. P. 26(b) advisory committee's note to 2015 amendment (emphasis added); see also *Dao v. Liberty Life Assurance Co. of Boston*, No. 14-CV-04749-SI (EDL), 2016 WL 796095, at *3 (N.D. Cal. Feb. 23, 2016) ("[W]hile the language of the Rule has changed, the amended rule does not actually place a greater burden on the parties with respect to their discovery obligations, including the obligation to consider proportionality, than did the previous version of the Rule."); *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016) ("[T]he 2015 Amendments constitute a reemphasis on the importance of proportionality in discovery but not a substantive change in the law.").

Pursuant to Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to answer an interrogatory or produce requested documents. Fed. R. Civ. P. 37(a)(3). While the moving party must make a threshold showing of relevance, see, e.g., *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978), the party resisting discovery carries the "heavy burden" of showing specifically why the discovery request is irrelevant, unduly burdensome, disproportional to the needs

of the case, or otherwise improper. See *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## ANALYSIS

**1.    Organizing Production**

Pursuant to Rule 34(b)(2)(E)(i), Plaintiff had requested that Defendant organize or label the documents produced to correspond to the specific requests for production propounded by Plaintiff. Defendant has now agreed to provide indices which correspond Bates numbers with the Requests by number.[1] In so doing, Defendant reiterates that they do not waive any work product privilege associated with identifying the documents by request, and that they preserve any relevant objections. Counsel notified the Court that this production had been made on July 30, 2018. The Court therefore finds that this issue is resolved.

**2.    RFP 3 – Supervisor Performance Evaluations**

Plaintiff requests that Defendant produce any performance evaluations and disciplinary records for three individuals in his chain-of-command at HP, Inc. The Court finds Plaintiff has met his threshold burden of showing that these documents are at least arguably relevant, as they may go to the individuals' credibility, and any potential bias they may have related to disciplinary actions at HP, Inc. Further, given that HP alleges

---

[1] Defendant seeks assurances that an inadvertent failure to identify every corresponding request will not constitute a violation of this Order, and that it will not be restricted in its use of the documents based on any designation offered. The Court declines to issue a blanket ruling on these questions in the abstract. Rather, should any issues arise concerning Defendant's designations, they shall be resolved in light of the parties' obligations to certify and supplement discovery under Rule 26(g) and (e).

that Plaintiff was included in the workforce reduction on the basis of his performance, these documents may be relevant understanding how HP, Inc. evaluates performance as a general matter. Further, the number of persons for whom these documents are requested is limited. Defendant argues, however, that the request is disproportionate because there is no time limit on the request. The Court finds that the relevance of these documents diminishes with time, and therefore will require production only for the time period 2013-2016. This covers a limited period leading up to Plaintiff's unacceptable performance review and termination and mirrors the time period for which Plaintiff has requested similar documents.

Plaintiff has also requested "other documents related to the factual circumstances and issues in this matter" from these three individual's personnel files. The Court agrees with Defendant that this request is vague and overbroad and will therefore deny the request.[2]

### 3. RFP 5 – Similarly Situated Performance Evaluations

Plaintiff has requested performance evaluations for the seven employees eligible for the workforce reduction, as well as employees who were not eligible but were similarly situated to Plaintiff. Defendant has agreed to produce the performance evaluations for the seven WFR-eligible employees, but object to producing the other evaluations.

---

[2] The Court does so without prejudice to Plaintiff to clarify, supplement, or narrow its request.

**MEMORANDUM DECISION AND ORDER - 4**

To succeed in his claim under the *McDonnell-Douglas* test, Plaintiff must be able to show that the legitimate, nondiscriminatory reason for his termination asserted by Defendant is pretextual. *See* 411 U.S. 792 (1973) (as applied to ADEA claims in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). To the extent Plaintiff's performance evaluation played a role in his termination, the requested records are relevant because they may provide circumstantial evidence of an improper motive or pretext for that evaluation, as it compares to the performance evaluations of other employees in similar jobs. Thus, the Court will order Defendant to produce the 2013-2016 performance evaluations for other employees in the Global Design Experience work group with the same job title(s) or responsibilities as Plaintiff.

4.   **RFP 16 - Labor Pyramid**

Plaintiff has requested documents created or disseminated by HP managers, officers, executives, directors or HR personnel between January 2013 to the present, which discuss early career hiring, college hiring, youthful work force, balance workforce and labor pyramid. Defendant objects on the grounds that the request is overly broad, and disproportionate to the relevance of the documents requested. The Court finds that the requested documents are clearly relevant to Plaintiff's claims. The existence of an explicit or implicit policy aimed at creating a younger workforce is circumstantial evidence that would support Plaintiff's claim that his termination was based on age discrimination, rather than a legitimate and nondiscriminatory reason.

Although Defendant objects to the scale of the search required to respond to this request, they have apparently rebuffed efforts by the Plaintiff to narrow the request. *See Pl.'s Br.* at 9 n.18, Dkt. 37-1. Further, Plaintiff has already limited the request to specific and clearly defined categories of persons and topics, which cuts against Defendant's argument that the request provides "no defining limitation on the character of the documents sought." *See Def.'s Br.* at 9, Dkt 36.

Because the Court finds the requested documents to be clearly relevant to Plaintiff's claims, it will give the parties ten (10) days from the issuance of this Order to meet and confer and agree on the proposed limitations for this request, after which the parties are directed to file a notice with the Court stating whether the matter has been resolved satisfactorily. Should the parties still disagree at that time, the Court will decide the matter on the evidence already before it.

5.  **Int. 2 – Demographic Information**

Defendant has agreed to produce the dates of birth for all ten individuals identified in the parties' initial disclosures, and the reasons for separation for two individuals so identified who are no longer employed by Defendant. This issue is therefore resolved and the Court will order Defendant to produce the requested information forthwith.

6.  **Int. 4 – Deleted ESI**

The Court will order Defendant to clarify its response to Interrogatory 4 to state in writing whether any ESI related to Plaintiff has been deleted, purged, or otherwise destroyed.

7.  **Privacy Concerns**

Defendant has raised a concern that disclosing certain information requested by the Plaintiff may place it in violation of the California Constitution and Section 1985.6 of the California Code of Civil Procedure. *See Def.'s Br.* at 3, Dkt. 36. Section 1985.6 is inapposite here, as it applies by its terms only to the use of a subpoena duces tecum. *See McEwan v. OSP Group, L.P.*, 2016 WL 1241530 at *5 (S.D. Cal. March 30, 2016). Further, in evaluating a potential invasion of privacy under the California Constitution requires the Court balances the seriousness of the threatened invasion against the countervailing interests in disclosure. *Williams v. Superior Court*, 386 P.3d 69, 84 (Cal. 2017). In so doing, the Court should consider "feasible alternatives that serve the same interests or protective measures that would diminish the loss of privacy." *Id.* This is because "complete bans on disclosure to vindicate privacy interests . . . may significantly hamper the ability of aggrieved employees" to vindicate their rights. *Id.* at 86.

The Court acknowledges that performance evaluations, disciplinary records, reasons for termination, and dates of birth all constitute sensitive personal information. As discussed above, however, the requested information is relevant and proportional, and Plaintiff therefore has an established interest in disclosure. Further, the parties have in place a Protective Order which allows them to produce information designated as either confidential, or attorney's eyes only, such that the dissemination of any sensitive information may be limited to Plaintiff and his Counsel. *See Joint Stipulated Protective Order*, Dkt. 24. The Court therefore finds that production of the requested information

subject to the Protective Order is a feasible alternative, which serves both the interests in disclosure and the privacy interests asserted by the parties. Should Defendant seek to amend the Protective Order prior to disclosure of the requested information, however, they must meet and confer with Plaintiff on any proposed amendments within ten (10) days, of this Order being issued.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (Dkt. 37) is GRANTED to the extent that:

1. Defendant is ordered to produce performance evaluations and disciplinary records for the three individuals identified in the initial disclosures who were in Plaintiff's chain-of-command at HP, Inc, limited to the time period from 2013-2016.

2. Defendant is ordered to produce the 2013-2016 performance evaluations for other employees in the Global Design Experience work group with the same job title(s) or responsibilities as Plaintiff.

3. Defendant is ordered to produce the dates of birth for all ten individuals identified in the parties' initial disclosures, and the reasons for separation for the two individuals so identified who are no longer employed by Defendant.

4. Defendant is ordered to clarify its response to Interrogatory 4 to state in writing whether any ESI related to Plaintiff has been deleted, purged, or otherwise destroyed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (Dkt. 37) is DENIED to the extent that:

1. Plaintiff's request that Defendant produce "other documents related to the factual circumstances and issues in this matter" from the personnel files for Plaintiff's supervisors is denied as vague and overbroad.

IT IS FURTHER ORDERED that within ten (10) days of this Order being issued, the parties shall meet and confer, and submit a notice to the Court on the status of:

1. Any proposed limitations to the category of persons identified in RFP 16.
2. Any proposed amendments to the Protective Order.

DATED: July 31, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge