UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN FALK,<br><br>             Plaintiff,<br><br>   v.<br><br>HP INC. a Delaware Corporation,<br><br>             Defendant. | Case No. 1:17-cv-00401-BLW<br><br>**SUPPLEMENTAL CASE MANAGEMENT ORDER RE: DISCOVERY DISPUTES**<br>**TRACK: (Standard)** |

**NOW THEREFORE IT IS HEREBY ORDERED** that the following procedures will govern all discovery disputes, and will replace any conflicting provisions included in the Court's earlier Case Management Orders:

1. The law clerk assigned to this case is Kyle Cole. He can be reached at kyle_cole@id.uscourts.gov.

2. I will **not** refer this case to a magistrate judge for resolution of discovery disputes and non-dispositive motions. I will keep these motions on my own docket.

3. The parties will strictly comply with the meet and confer requirements of Local Rule 37.1 prior to filing any discovery motions or notifying the Court of any discovery disputes.

4. If the parties are unable to resolve the dispute through the meet and confer process, they are to draft a single joint statement of the issue in dispute and submit it to the Court's law clerk via email.

**SUPPLEMENTAL CASE MANAGEMENT ORDER - 1**

5. The statement shall include:

     a. The full text of the specific discovery request(s) by number, and any response.

     b. State the objections of the party resisting the discovery request(s).

     c. State the response of the party propounding the discovery request(s).

     d. State the final offers made by each party in an attempt to resolve the dispute.

     e. State whether both parties are committed to mediating the dispute and if so, when they are available for a mediation conference with the Court.

6. The statement shall not be more than three pages in length – one page to state the dispute and one page for each side to summarize their position.

     a. The statement shall not include any history of the back and forth or attempts at meet and confer between the parties, or prior negotiations engaged in.

7. If the parties desire to engage in a good faith effort to mediate the dispute, the Court will then set a conference with counsel.

8. If either party is not willing to commit to a good faith effort to mediate the dispute, the Court will use the parties' joint statement to determine an appropriate page limit and expedited briefing schedule to resolve the parties' dispute.

a. Typically, the parties will be given 3 days to file five-page simultaneous briefs on their positions in the dispute and the Court will issue a quick, bare-bones decision on the matter.

   b. In some instances, the Court may conclude that further briefing is not necessary and will issue a brief decision based upon the parties' joint statement.

9. If a party wishes to bring to the notice of the Court any actions or behavior that they believe are indicative of bad faith by the opposing party, they shall request leave to file a motion for discovery sanctions and shall raise such issues on the record.

10. Prior to filing any discovery motions or statements of dispute with the Court or the Court's clerk, counsel must certify, not only that they have complied with Local Rule 37.1, but that they have complied with the foregoing procedures.

11. The Court adopts these procedures pursuant to its inherent authority to manage its docket and to achieve the directive of Rule 1 that the Federal Rules of Civil Procedure be applied and employed by the court and the parties to achieve the just, speedy and inexpensive resolution of all disputes.

DATED: August 17, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge